UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| MAURY COUNTY, TENNESSEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. _____ |
| v. | ) | |
| | ) | |
| CITY OF COLUMBIA, TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

---

## COMPLAINT

---

Comes the Plaintiff, Maury County, Tennessee ("Maury County"), and hereby complains against the Defendant, the City of Columbia, Tennessee ("Columbia"), as follows:

### INTRODUCTION

1.     Maury County brings this action under federal law to protect the exclusive service area of its water utility.  Maury County borrowed money from the federal government, which by law protects its water utility from encroachment by cities.  Columbia is offering to provide water service to new developments located on properties where Maury County has water lines nearby and where Maury County has already provided water service.  The Court should declare that Maury County has the exclusive right to serve the new developments, enjoin Columbia from encroaching on Maury County's service area, and award Maury County damages, attorney's fees, and costs.

### JURISDICTION AND VENUE

2.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under federal law.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Columbia has its official residence in this judicial district, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and the properties at issue are located within this judicial district.

## PARTIES

4. Maury County is one of the 95 counties of the State of Tennessee enumerated in Tenn. Code Ann. § 5-1-101. It is a public corporation, *see* Tenn. Code Ann. § 5-1-103, and a political subdivision of the State of Tennessee.

5. In 1976, the legislative body of Maury County, called the Quarterly County Court, established the Maury County Board of Public Utilities pursuant to Tenn. Code Ann. § 5-1601, *et seq*., now codified at Tenn. Code Ann. § 5-16-101, *et seq*. The Maury County Board of Public Utilities operates under the name of the Maury County Water System ("MCWS"). MCWS is not a separate legal entity but an arm of Maury County. Through MCWS, Maury County operates a public water utility system.

6. Columbia is a municipality located within Maury County, Tennessee, whose charter is restated by Chapter 9 of the Tennessee Private Acts of 2013, with any amendments thereto.

7. In 1939, Columbia established a Board of Public Utilities pursuant to Chapter 32 of the Tennessee Public Acts of 1935, now codified at Tenn. Code Ann. § 7-52-101, *et seq*. Columbia's Board of Public Utilities operates under the name of Columbia Power & Water Systems ("CPWS"). CPWS is not a separate legal entity but an arm of Columbia. Through CPWS, Columbia operates a public water utility system.

# FACTS

## I.  Maury County's Federal Loan

8.      Since the creation of the Maury County Board of Public Utilities in 1976, Maury County has borrowed money from the United States Department of Agriculture ("USDA"), acting through Rural Development, pursuant to 7 U.S.C. § 1926(a).

9.      On or about July 17, 2006, the Board of County Commissioners adopted a bond resolution authorizing Maury County to issue this bond to obtain a USDA loan to finance waterworks system improvements and extensions.

10.     Pursuant to the bond resolution, Maury County issued a $2,900,000 Water Revenue and Tax Bond, Series 2006, to the United States of America.

11.     The loan from the federal government to Maury County is payable over a period of four hundred fifty-six (456) consecutive months, or until 2046.

12.     Over $2 million of Maury County's federal loan remains outstanding and must be repaid.

13.     The bond is secured primarily by a pledge of the net revenue of Maury County's water system, managed by the Maury County Board of Public Utilities.

## II.  The Bear Springs Development

14.     Within Maury County are two parcels of land designated as Map 92, Parcels 12.00 and 12.05.  They are located south of Bear Creek Pike and east of Rock Springs Road.

15.     For many years, these two parcels were part of the same parcel, then known as Map 92, Parcel 12.00.

16.     At all times relevant hereto, MCWS had a six-inch-diameter water main running along Rock Springs Road in the public right of way, directly next to Map 92, Parcel 12.00.

17.     In addition, at all times relevant hereto, MCWS had a water pumping station located directly on Map 92, Parcel 12.00.

18.     MCWS provided water service to Map 92, Parcel 12.00 from MCWS's six-inch-diameter water main along Rock Springs Road.  MCWS still has a water meter on Map 92, Parcel 12.00.

19.     In 2021, Bear Springs, LLC acquired ownership of Map 92, Parcel 12.00.

20.     In 2022, Bear Springs, LLC applied to MCWS for water service to a new residential development on Map 92, Parcel 12.00 called Bear Springs.

21.     That same year, MCWS issued a water availability letter indicating that MCWS could provide water service to the proposed development.

22.     At some point afterward, CPWS started discussions with the developer about CPWS providing water to the proposed development, instead.  Bear Springs, LLC stopped communicating with MCWS about water service.

23.     Columbia has annexed Map 92, Parcel 12.00 to include it within the boundaries of Columbia.

24.     On or about February 28, 2023, CPWS issued its own water availability letter for Phase 1 of the Bear Springs development on Map 92, Parcel 12.00, consisting of 98 single-family units.  CPWS offered to serve water to Phase 1 upon the installation of new water lines, dedication of the new water lines to CPWS, and the payment of hundreds of thousands of dollars in fees to CPWS.

25.     CPWS has accepted hundreds of thousands of dollars in fees to provide water service to Phases 1A and 1B of Bear Springs.

26.     On or about December 20, 2023, Bear Springs, LLC conveyed part of Map 92,

Parcel 12.00 to Willow Branch Partners, LLC. The conveyance included approximately 22.62 acres and was given a separate designation as Map 92, Parcel 12.05. The deed noted that this property was intended for Phases 1A and 1B of Bear Springs.

27. Approximately 80.3 acres remain in Map 92, Parcel 12.00.

28. Upon information and belief, Bear Springs, LLC and Willow Branch Partners, LLC are affiliated entities, and the conveyance was not at arm's length.

29. MCWS's six-inch-diameter water main along Rock Springs Road is approximately 750 feet away from the boundary of Map 92, Parcel 12.05, the newly created parcel for Phases 1A and 1B of Bear Springs.

30. Both CPWS and the Tennessee Department of Environment and Conservation have approved water line plans for Phases 1A and 1B of Bear Springs, located on Map 92, Parcel 12.05. MCWS was not consulted about the water line plans.

31. The installation of water lines within Phases 1A and 1B of Bear Springs is either complete or nearly so.

32. Both CPWS and the developer have the firm intention that CPWS, not MCWS, will provide water service to Phases 1A and 1B of Bear Springs.

33. Upon information and belief, additional phases of Bear Springs are intended for the larger parcel, Map 92, Parcel 12.00.

## III. The Heritage Green Development

34. Within Maury County is another parcel of land designated as Map 74, Parcel 37.00. It is located east of Baker Road and consists of approximately 98.66 acres.

35. At all times relevant hereto, MCWS had a four-inch-diameter water main running along the east side of Baker Road. At least part of this water main is located directly on Map 74,

Parcel 37.00. Some of the water main may be located in the public right of way, directly next to Map 74, Parcel 37.00.

36.      MCWS provided, and still does provide, water service to Map 74, Parcel 37.00 from MCWS's four-inch-diameter water main along Baker Road. MCWS still has multiple water meters on Map 74, Parcel 37.00.

37.      In 2021, the engineer for a developer called Green Trails, LLC applied to MCWS for water service to a new residential development on Map 74, Parcel 37.00.

38.      In 2021 and 2022, MCWS issued water availability letters indicating that MCWS could provide water service to the proposed development.

39.      At some point afterward, CPWS started discussions with the developer about CPWS providing water to the proposed development, instead. The developer stopped communicating with MCWS about water service.

40.      Columbia has annexed Map 74, Parcel 37.00 to include it within the boundaries of Columbia.

41.      On or about March 6, 2024, CPWS issued its own water availability letter for Phase 1 of Heritage Green on Map 74, Parcel 37.00, consisting of 61 single-family units. CPWS offered to serve water to Phase 1 upon the installation of new water lines, dedication of the new water lines to CPWS, and the payment of hundreds of thousands of dollars in fees to CPWS.

42.      CPWS has already accepted at least tens of thousands of dollars in fees to provide water service to Phase 1 of Heritage Green.

43.      Upon information and belief, the installation of water lines within Phase 1 of Heritage Green is imminent.

44.      Both CPWS and the developer have the firm intention that CPWS, not MCWS,

will provide water service to Phase 1 of Heritage Green.

45.     Upon information and belief, additional phases of Heritage Green are intended for Map 74, Parcel 37.00.

## COUNT I: VIOLATION OF 7 U.S.C. § 1926(b)

46.     Maury County hereby re-alleges and incorporates each and every allegation set forth above as if fully set forth herein.

47.     Maury County is an "association" within the meaning of 7 U.S.C. § 1926(b).

48.     Columbia is a "municipal corporation" within the meaning of 7 U.S.C. § 1926(b).

49.     Maury County has a qualifying and outstanding USDA loan.

50.     Maury County has made water service available and actually provided water service to both the Bear Springs and Heritage Green properties.

51.     Maury County is willing and able to provide water service to both the Bear Springs and Heritage Green developments.

52.     Despite this, Columbia intends to provide water service to both the Bear Springs and Heritage Green developments and has taken concrete steps to do so, such as issuing water availability letters, approving water lines plans, and accepting substantial fees.

53.      Maury County is protected by 7 U.S.C. § 1926(b) from any curtailment or limitation of its right to provide water service to the Bear Springs and Heritage Green developments.

54.     Columbia is violating 7 U.S.C. § 1926(b) by providing water service to the Bear Springs and Heritage Green developments.

55.     Through legal counsel, both Maury County and Columbia have asserted the legal right to provide water service to the Bear Springs and Heritage Green developments.

## COUNT II: VIOLATION OF 42 U.S.C. § 1983

56.     Maury County hereby re-alleges and incorporates each and every allegation set forth above as if fully set forth herein.

57.     As a municipality, Columbia is acting under color of state law.

58.     Columbia is depriving Maury County of its rights under 7 U.S.C. § 1926(b) by curtailing and limiting Maury County's water service to the Bear Springs and Heritage Green developments.

59.     Maury County can enforce its rights under 7 U.S.C. § 1926(b) through the vehicle of 42 U.S.C. § 1983.

**WHEREFORE**, Maury County prays for the following relief:

1.      That service of process be had upon Columbia and that Columbia be required to appear and answer this complaint within the time prescribed by law;

2.      A declaration of the parties' rights and obligations with respect to water service to the Bear Springs and Heritage Green developments;

3.      An award of damages suffered by Maury County, including lost fees and other revenue from the Bear Springs and Heritage Green developments;

4.      An injunction that prohibits Columbia from encroaching on Maury County's water utility service area;

5.      An award of reasonable attorney's fees, litigation expenses, and court costs; and

6.      All other relief, legal or equitable, that the Court deems just and proper.

Respectfully submitted,

/s/ Michael J. Wall
Michael J. Wall
Benjamin A. Gastel

HERZFELD, SUETHOLZ, GASTEL,
    LENISKI, and WALL PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37203
Telephone: (615) 800-6225
Facsimile: (615) 994-8625
michael@hsglawgroup.com
ben@hsglawgroup.com

*Attorneys for Plaintiff*